NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11860

ALAN CHIN  vs.  COMMONWEALTH.


December 10, 2015.


Supreme Judicial Court, Appeal from order of single justice.


Alan Chin appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3.  A petition for Chin's civil commitment as a sexually dangerous person is pending in the Superior Court.  Chin waived his right to a probable cause hearing, assented to a finding of probable cause, and was temporarily committed to the Massachusetts Treatment Center for examination and diagnosis by two qualified examiners.  The qualified examiners submitted their reports, and the Commonwealth petitioned for trial.  Chin filed a motion in limine to preclude the Commonwealth from calling certain witnesses.  The motion was denied.  Chin's G. L. c. 211, § 3, petition sought relief from that ruling.  We affirm the judgment.

Because Chin's petition sought relief from an interlocutory ruling of the trial court, he is obligated to submit a record appendix and memorandum of law "set[ting] forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  Chin has filed a brief and record appendix, which we are treating as a memorandum pursuant to rule 2:21.[1]  He

---

[1] We note that the record appendix is incomplete, as it fails to include the entire record before the single justice.  In particular, it omits Chin's memorandum in support of his G. L. c. 211, § 3, petition and the Commonwealth's opposition.

has failed therein to carry his burden under the rule.  If the witnesses' testimony is improperly admitted against him, he can raise that issue on appeal from any adverse judgment, as the admissibility of a witness's testimony is a matter routinely addressed in the ordinary appellate process.  He can limit and challenge their testimony at trial as well, through the use of objections and cross-examination.  Because Chin has these alternative remedies available to him, the single justice neither erred nor abused his discretion by denying extraordinary relief.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>John S. Day</u> for the petitioner.